UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| R. PEACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01392-SEB-TAB |
| | ) | |
| YOLANDA CHAMBERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING SUMMARY JUDGMENT**

Robert Peacher, an inmate at Pendleton Correctional Facility, filed this action alleging that the defendants violated his right to equal protection by refusing to cut the covers off textbooks or provide him with copies to allow him to complete prison-approved university coursework. The defendants have moved for summary judgment on the grounds that Mr. Peacher failed to exhaust available administrative remedies before bringing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, *et seq.* ("PLRA"). Mr. Peacher has filed three motions for sanctions. For the reasons below, Mr. Peacher's motions for sanctions are denied, and the defendants' motion for summary judgment is granted.

**I. Summary Judgment Standard**

Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.* When reviewing a motion for summary judgment, the Court views the record and

draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court need only consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II.     Background

### A.     Offender Grievance Process

The Indiana Department of Correction ("IDOC") maintains an offender grievance process. Dkt. 29-2. The process has three steps: (1) a formal grievance to the Offender Grievance Specialist; (2) a facility-level appeal to the Warden; and (3) a department-level appeal to the Department Grievance Manager. *Id.* at 3, 9−13.

Within ten business days of receiving the grievance, the Offender Grievance Specialist must notify the prisoner that the grievance has been accepted or that the grievance has been rejected for failing to meet certain technical requirements. *Id.* at 10. If the grievance is accepted, the Offender Grievance Specialist must issue a grievance response within fifteen days of receiving the grievance. *Id.* The Offender Grievance Specialist may extend this deadline by five business days if the issue requires further investigation. *Id.* at 11.

"If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied." *Id.* at 11. Ordinarily, a prisoner has five business days after the date of the grievance response to submit a facility-level appeal. *Id.* at 12.

### B. Mr. Peacher's Use of the Grievance Process

Mr. Peacher filed a grievance on April 5, 2021, complaining about the defendants' confiscation of his textbooks. Dkt. 29-4. After taking a five-day extension, grievance specialist Christina Conyers denied the grievance on April 30, 2021. Dkt. 29-6. Three days later, Mr. Peacher submitted a facility-level appeal. Dkt. 29-7. The appeal was denied on June 8, 2021. Dkt. 29-8. Mr. Peacher attests that he then filed a department-level appeal on June 11, 2021, by checking the box labeled "Disagree with facility appeal response" and submitting the appeal to his case worker.[1] Dkt. 32-2, ¶ 8.

Mr. Peacher filed another grievance on April 5, 2021, related to his university coursework. This grievance was rejected as duplicative, and Mr. Peacher does not allege that he exhausted his available administrative remedies by filing the second grievance. *See* dkt. 33 at 1 ("Plaintiff filed a second grievance claiming a different issue but the grievance was returned to him because the grievance office perceived it as duplicative.").

### C. Mr. Peacher's Lawsuit

On May 26, 2021—before submitting his department-level appeal—Mr. Peacher brought suit in this Court. Dkt. 1. The Court dismissed Mr. Peacher's original complaint for failure to state a claim on which relief may be granted. Dkt. 7. He filed an amended complaint in December 2021. Dkt. 13; dkt. 13-1; dkt. 15. The amended complaint is now the operative complaint in this action. *See* dkt. 14 (screening order).

---

[1] The defendants assert—and cite evidence to support the assertion—that Mr. Peacher never submitted a department-level appeal. *See* dkt. 29-1, ¶ 28 (declaration of Christina Conyers). For summary judgment purposes, the Court accepts Mr. Peacher's account as true.

### III. Discussion

The PLRA provides, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020).

Mr. Peacher does not dispute that he failed to exhaust available administrative remedies before bringing this action. Dkt. 40 at 6 (Mr. Peacher's second surreply, acknowledging that he filed his original complaint in May 2021 but did not complete the appeal process until June 2021). But he argues that his original complaint does not matter, as he exhausted his administrative remedies before filing an amended complaint in December 2021. *Id.*

This argument cannot be squared with the Seventh Circuit's holding in *Chambers*. Mr. Chambers, like Mr. Peacher here, filed a complaint in federal court before exhausting available administrative remedies. *Chambers*, 956 F.3d at 981−82. The district court dismissed that complaint without prejudice at screening for failure to exhaust. *Id.* at 982. After exhausting available remedies, Mr. Chambers filed an amended complaint raising the same claims in the same action. *Id.* The district court later granted the defendant's motion to dismiss on exhaustion grounds. *Id.* at 983. On appeal, Mr. Chambers argued that because he filed an amended complaint after completing the grievance process, dismissal was inappropriate. *Id.* at 984. The Seventh Circuit rejected this argument as "meritless." *Id.* ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting administrative remedies.").

4

Mr. Peacher offers no basis to distinguish *Chambers*. He does, however, point to relevant dictum in a recent Supreme Court opinion:

> Respondents briefly argue that Ramirez failed to exhaust Texas's grievance process because he filed suit before prison officials ruled on his Step 2 grievance. It is true that prison officials did not decide that grievance until six days after Ramirez sued. But Ramirez filed an amended complaint that same day, and he also filed a second amended complaint after that. The original defect was arguably cured by those subsequent filings. In any event, we need not definitively resolve the issue as respondents failed to raise it below.

*Ramirez v. Collier*, 142 S. Ct. 1264, 1276 (2022) (citation omitted).

To be sure, this language casts doubt on *Chambers*. But the Supreme Court expressly declined to "definitively resolve the issue." *Id.* Therefore, this Court "will not speculate about whether the Seventh Circuit will choose to reconsider its holding in *Chambers*, or whether the language from *Ramirez* may one day become law." *Price v. Tolbert*, No. 2:20-cv-500-JMS-MJD, 2022 WL 1204803, at *7 (S.D. Ind. Apr. 22, 2022); *see Reiser v. Res. Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts.").

Mr. Peacher brought this action prematurely, and his amended complaint does not change that—at least not under existing law that this Court is bound to apply. Accordingly, the defendants' motion for summary judgment, dkt. [29], is **GRANTED**, and this action is **DISMISSED without prejudice**. Nothing in this Order will prevent Mr. Peacher from raising the same claims in a new action. Likewise, nothing in this Order will prevent the defendants in any such action from raising applicable procedural defenses.

The defendants' motion to strike the second surreply, dkt. [43], is **DENIED** as moot.

5

### IV. Motions for Sanctions

Mr. Peacher's February 2022 motion for sanctions argues that the defendants had asserted an affirmative defense—exhaustion—which they "knew to be false." Dkt. 25 at 3 (calling the defense "nothing more than a stall and delay tactic that forces this Court to further clog and delay the docket in this case"). In reality, the exhaustion defense was meritorious. Mr. Peacher's motion, in contrast, was a waste of the defendants' and the Court's resources. The motion for sanctions, dkt. [25], is **DENIED**.

Mr. Peacher's May 4, 2022, motion for sanctions argues that the defendants "submitted false and deceptive evidence to the Court." Dkt. 39 at 1. Specifically, he points to Exhibit F, which is a copy of the Offender Case Management System case notes from March 19, 2021, through August 26, 2021. Dkt. 35-1. It shows several instances where Mr. Peacher delivered grievances and other administrative appeals to a case worker. *Id.* The defendants cite this report to rebut Mr. Peacher's assertion that he delivered his department-level grievance appeal to his case worker in June 2021. Dkt. 35 at 3. Mr. Peacher argues that the evidence is "false and inaccurate" and "pure deception" because it does not reflect his facility-level appeal dated May 14, 2021, which the defendants concede he submitted. Dkt. 39 at 1−2. This is a solid rebuttal to the defendants' argument, but it does not show that the defendants have engaged in sanctionable conduct. The May 2022 motion for sanctions, dkt. [39], is therefore **DENIED**.

Finally, Mr. Peacher's May 12, 2022, motion for sanctions alleges that non-defendant prison staff have destroyed evidence and housed him in unsafe conditions. This motion, dkt. [41], is **DENIED**. If Mr. Peacher wishes to pursue these claims, he may do so by filing a new complaint.

V.      Conclusion

The defendants' motion for summary judgment, dkt. [29], is **GRANTED**. This action is **DISMISSED without prejudice**. The defendants' motion to strike Mr. Peacher's second surreply, dkt. [43], is **DENIED** as moot. Mr. Peacher's motions for sanctions, dkt. [25], dkt. [39], and dkt. [41], are all **DENIED**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date:   6/14/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

R. PEACHER
881627
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov